[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] Date of Sentence November 23, 1992 Date of Application November 23, 1992 Date Application Filed November 23, 1992 Date of Decision September 27, 1994
Application for review of sentence imposed by the Superior Court, Judicial District of Danbury.
Docket No. CR92-80821.
Joseph Dimyan, Esq., Defense Counsel, for Petitioner.
Devin T. Stilson, Esq., Assistant State's Attorney, for the State. CT Page 10952
BY THE DIVISION
After a plea of nolo contendere petitioner was found guilty of two counts of the sale of narcotics in violation of General Statutes § 21a-277(a). A sentence of twelve years was imposed on each count with the execution suspended after ten years and five years probation. The sentences were to be served concurrently. Total effective sentence was twelve years execution suspended after ten years and five years probation.
The facts underlying petitioner's conviction indicate that on one occasion he sold narcotics to an undercover police officer and on another separate occasion he sold narcotics to a confidential informant.
Petitioner's attorney argued that under the circumstances of this case the sentence should be reduced. The attorney pointed out that petitioner was drug dependent. At the time of his offenses he was in the process of selling drugs for Lindsey Jones who had a large drug operation in the Danbury area. The attorney described petitioner as a slave who was selling drugs for heroin which he was addicted to. Petitioner's attorney argued that the circumstances surrounding petitioner's plea resulted in a disproportionate sentence. He stated that there had been an extensive investigation into drug sales in the area with a number of arrests including petitioner. Petitioner's case was the first to plead out. Petitioner pleaded to two counts of sale of narcotics under General Statutes § 21a-277(a). The recommended sentence was twelve years with a right to argue for a lesser sentence. Petitioner fully cooperated with the prosecution of Mr. Jones's case. Petitioner, however, received a longer sentence than some of the other parties who pleaded after him and did not cooperate with the prosecution.
Speaking on his own behalf, petitioner expressed his desire to enter a drug treatment program. CT Page 10953
The state's attorney did not contest any of the statements made by petitioner's attorney and confirmed that other parties received sentences of five years even though they did not cooperate with the state.
We do not know criminal records of any of the other parties who received the lesser sentence. We do know, however, that petitioner has sixteen prior convictions. Taking into consideration plaintiff's cooperation in this matter and the sentences imposed on the other parties and in light of the seriousness of the offenses and petitioner's criminal record, it would appear that the sentence here is disproportionate and should be modified.
In light of the factors set forth in Practice Book § 942 a sentence of twelve years on each count execution suspended after eight years with five years probation concurrent with each other would be appropriate. Accordingly, the total effective sentence is modified to twelve years execution suspended after eight years and five years probation and the matter is remanded to the trial court for resentencing.
Purtill, J.
Klaczak, J.
Stanley, J.
Purtill, J., Klaczak, J. and Stanley, J. participated in this decision.